UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| JASON JAMAR JONES, | ) | |
| | ) | |
| Petitioner, | ) | 2:08-00537-JWS-DKD |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| D. W. RIDER, *et al.*, | ) | [Re:   Petition at docket 1] |
| | ) | |
| Respondents. | ) | |
| | ) | |

## I.  MOTION PRESENTED

Pursuant to 28 U.S.C. § 2254, petitioner Jones sought a writ of habeas corpus. At docket 15, respondents answered the petition and additional materials were filed at docket 16.  Jones replied to the answer at docket 20.  Thereafter, Magistrate Judge Duncan filed a report at docket 27 recommending that Grounds II(d) and VI(a) be dismissed for failure to exhaust.  The magistrate judge recommended that Ground VI(b) be dismissed as a state law claim not cognizable in a federal court petition for a writ of habeas corpus.  Finally, Magistrate Judge Duncan recommended that the other grounds advanced in the petition be denied on the merits.  Jones filed objections at docket 34. Respondents did not file a response to the objections.  The matter is ripe for decision by this court.

## II.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1]  When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3]  Uncontested findings of fact are reviewed for clear error.[4]

## III.  DISCUSSION

Having reviewed the parties' papers and applied the standard of review articulated above, this court concludes that the magistrate judge has correctly found the facts and applied the law with respect to all of the grounds advanced by Jones. There is nothing in the objections which is not adequately covered in the report from the magistrate judge.

## IV.  CONCLUSION

For the reasons above, this court adopts Magistrate Judge Duncan's recommended findings and conclusions.  Based thereon, Grounds II(d) and VI(a) are **DISMISSED** for failure to exhaust in state court.  Ground VI(b) is **DISMISSED** as not cognizable in this court.  All the other Grounds are **DENIED**.

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

**IT IS FURTHER ORDERED** that this court will not grant the certificate of appealability required by 28 U.S.C. § 2253, because Jones cannot meet the requirements for issuance of such a certificate as to any of the Grounds in his petition. If Jones wishes to appeal, he must seek the required certificate of appealability from the Court of Appeals.  *See* 28 U.S.C. § 2253 (c) and Fed. R. App. P. 22(b).

DATED this 28th day of January 2011.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE